# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RANDALL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11CV59 LMB |
| | ) | |
| CORY HUTCHISON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Randall Johnson (registration no. 1062202), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.11. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $5.57, and an average monthly balance of $0.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.11, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951.

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Cory Hutchison (Chief Jailer, Mississippi County Jail), and Keith Moore (Sheriff,

Mississippi County). At all times relevant to the complaint, plaintiff was a pretrial detainee at the Mississippi County Jail (the "Jail").

Plaintiff alleges that on November 15, 2010, Hutchison conducted a search of plaintiff's cell after another inmate told Hutchison there was contraband in it. Plaintiff claims that Hutchison did not find any contraband in the search. After the search, plaintiff says, plaintiff told Hutchison that he was "stupid for believing everything he heard from other inmates and that this was harassment." Plaintiff avers that Hutchison then handcuffed him and took him to a holding cell that did not have a camera. Plaintiff alleges that Hutchison then Tasered him, hitting him in the neck.

Plaintiff says that afterwards he told Hutchison that he was suicidal and needed to be placed in a cell with a camera. Plaintiff claims that Hutchison refused, telling plaintiff that he did not care of plaintiff killed himself. Plaintiff maintains that he then cut his wrists with the Taser fragments that were on the floor. Plaintiff says he was not placed on suicide watch until the next shift arrived.

Plaintiff alleges in a conclusory fashion that Moore failed to properly train his subordinates about the appropriate use of Tasers or of the proper procedures regarding suicidal inmates.

## Discussion

The claim survives initial review as to defendant Hutchison. As a result, the Court will order the clerk to serve process on Hutchison.

Although the doctrine of respondeat superior does not apply in cases brought pursuant to § 1983, see Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983), "a supervisor may be held individually liable under § 1983 . . . if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights." Wever v. Lincoln County, Nebraska, 388 F.3d 601, 606 (8th Cir. 2004). To establish such liability, "[t]he plaintiff must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending acts. This requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." Id. Plaintiff has not alleged the necessary facts to state a claim against Moore for failure to train. Plaintiff's allegations regarding Moore are wholly conclusory. As a result, the allegations against Moore fail to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.11 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Cory Hutchison.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Cory Hutchison shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Keith Moore because, as to Moore, the complaint fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 25th day of April, 2011.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE